IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER M. JONES,	)
	)
      Plaintiff,	)
	)
  v.	)  Civil Action No. 17-119-E
	)
	)
NANCY A. BERRYHILL, ACTING	)
COMMISSIONER OF SOCIAL SECURITY,	)
	)
      Defendant.	)

O R D E R

AND NOW, this 26th day of September, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on October 24, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on September 25, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I. **Background**

On September 15, 2010, Plaintiff Jennifer M. Jones protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim for supplemental security income under Title XVI of the Social Security Act, 42

U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on August 20, 2010, due in relevant part to bipolar disorder, anxiety, and depression. (R. 423).

After being denied initially on June 7, 2011, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on September 11, 2013. (R. 36-48). In a decision dated September 30, 2013, the ALJ denied Plaintiff's request for benefits. (R. 97-113). After review, the Appeals Council remanded the matter for a new hearing on December 19, 2014. (R. 114-118). On April 28, 2015 a new hearing was held before a different ALJ. (R. 49-92). In a decision dated October 26, 2015, the ALJ again denied Plaintiff's request for benefits. (R. 11-35). The Appeals Council declined to review the ALJ's decision on March 10, 2017. (R. 1-4). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.     Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v.

Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not

severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523, 416.923.

## III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since August 20, 2010. (R. 16). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, congenital anomalies of the heart that required several palliative surgeries to address tetralogy of Fallot, asplenia and heterotaxy syndrome including a single ventricle, single atrium, and pulmonary atresia; and bipolar disorder. (R. 16). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 17).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she can occasionally lift up to 20 pounds, and frequently and continuously lift up to 10 pounds; carry up to 20 pounds occasionally and 10 pounds frequently; sit for up to a total of 7 hours, alternating to standing for 5 minutes; stand for up to a total of 6 hours, alternating to sitting for 1 hour after 30 minutes of standing; walk for up to a total of 4 hours, alternating to sitting for 1 hour after 30 minutes of walking; push/pull as much as she can lift/carry; frequently use foot and hand controls, bilaterally; frequently reach overhead and in all other directions, bilaterally; frequently handle, finger and feel, bilaterally; occasionally climb ramps, stairs, ladders and scaffolds; never balance; occasionally stoop, kneel, crouch and crawl; never work around unprotected heights or moving mechanical parts; never operate a motor vehicle; occasionally be exposed to dust, odors, fumes and pulmonary irritants; frequently be exposed to extreme cold and extreme heat; and be off task only as long as can be accommodated by normal breaks, and will be absent once per month at 2-hour intervals each, for prearranged mental health provider appointments, including vicinity travel to and from the work site. (R. 18-19).

At Step Four, the ALJ found that Plaintiff is capable of performing past relevant work as a customer service representative. (R. 25). Nevertheless, the ALJ also moved on to Step Five and used a vocational expert ("VE") to determine, alternatively, whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as telephone operator, order clerk for food and beverages, and cashier II. (R. 26). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 27).

## IV. Legal Analysis

Plaintiff raises two arguments as to why she believes that the ALJ erred in finding her to be not disabled. First, Plaintiff contends that the ALJ erred in failing either to include in her RFC any limitations related to her moderate limitations in social functioning, or to explain why no such limitations were included therein. Second, in a somewhat related argument, Plaintiff asserts that, although the ALJ admittedly gave some weight to the findings and opinion of consultative psychologist JoAnn Quintero, Ph.D., the ALJ did not include in Plaintiff's RFC any accommodations regarding the moderate limitations in responding appropriately to usual work situations and to changes in a routine work environment that Dr. Quintero found her to have. Alternatively, the ALJ does not explain why he found no need to include any such limitations in social functioning in Plaintiff's RFC. Because the Court finds that the ALJ did not fully address Plaintiff's social functioning limitations, nor did he adequately discuss his evaluation of Dr. Quintero's opinion in particular, the Court cannot find that Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

As noted, supra, Plaintiff first argues that the ALJ erred because, although he found that Plaintiff has "moderate" difficulties in social functioning, he did not include in her RFC any accommodations for such limitations, nor did he, in the alternative, explain why he did not include any such accommodations in her RFC. Upon review of the ALJ's decision, the Court agrees that the ALJ erred. In fact, the ALJ clearly found that Plaintiff has moderate difficulties in social functioning, yet the RFC that he formulated—while it contains numerous clear-cut physical limitations—makes no reference to any social functioning limitations whatsoever.[1] (R. 17-19). Because the ALJ also failed to provide an explanation for not including any social

---

[1] The Court notes that the ALJ did, however, include in Plaintiff's RFC the need to "be absent once per month, at two-hour intervals each, for prearranged mental health provider appointments, including vicinity travel to and from the work site." (R. 19).

7

functioning limitations in Plaintiff's RFC despite having found that Plaintiff has limitations in this area, it is unclear to the Court whether the ALJ deliberately chose not to include any such limitations or whether inclusion of such limitations was simply overlooked in crafting her RFC. Remand is thus required to allow for the inclusion of a "clear and satisfactory explication of the basis" on which the ALJ's decision rests in this regard. Cotter v. Harris, 642 F.2d at 704.

Similarly, Plaintiff contends that the ALJ erred in his handling of Dr. Quintero's opinion. Upon review of the ALJ's decision, the Court agrees. In his decision, the ALJ states that he gave "great" weight to the GAF scale score and diagnosis reported by Dr. Quintero. (R. 24, 726-34). The ALJ further explains that Dr. Quintero's diagnosis and GAF score of 54-59 "is indicative of moderate symptoms or moderate impairment in functioning," and that such diagnosis "is corroborated by treating sources and the claimant's own testimony." (R. 24). The Court notes that these findings are also compatible with the ALJ's finding that Plaintiff has moderate limitations in social functioning, discussed, supra. The ALJ goes on to explain that "some" weight was also given to the medical source statement form completed by Dr. Quintero. (R. 24, 732-34). The ALJ further asserts that he did not give that statement form "significant" weight, however, because Dr. Quintero did not have Plaintiff's records available for review and her opinion was necessarily based on a single examination and Plaintiff's self-reporting. (R. 24).

Nevertheless, although Dr. Quintero opined in that form that Plaintiff would have a moderate limitation in responding appropriately to usual work situations and to changes in a routine work setting, the ALJ does not explain how he treated this finding. (R. 733). The ALJ was free to reject Dr. Quintero's opinion in part or in whole, but he was not permitted to simply skip providing an explanation as to why her ability to respond to usual work situations and changes in routine work setting were not accommodated, particularly since he gave that opinion

8

some weight in formulating Plaintiff's RFC.  See See v. Colvin, 2016 WL 2958214, at *6 (W.D. Pa. 2016).  Here again, as with the ALJ's failure to explain his reasons for excluding social limitations as a whole from Plaintiff's RFC, because it is not clear to the Court whether the ALJ chose to exclude the limitations found by Dr. Quintero from Plaintiff's RFC or whether he simply overlooked their inclusion therein, remand is required so that the basis for Plaintiff's RFC can be made clear.  See Fargnoli, 247 F.3d at 41.

Accordingly, the Court finds that the ALJ erred in failing to include in Plaintiff's RFC any social functioning limitations—or to explain why he chose not to include any such limitations—despite his finding that Plaintiff has moderate limitations in social functioning. Similarly, the Court finds that the ALJ erred in failing to include any limitations regarding Plaintiff's difficulties in responding appropriately to usual work situations and to changes in a routine work setting, or, in the alternative, to explain his reasons for choosing to exclude any such limitations, despite his stated reliance on Dr. Quintero's GAF score, diagnosis, and opinion. The Court thus finds that the ALJ's lack of explanation calls into question the appropriateness of his RFC finding, and the RFC formulated by the ALJ is therefore not supported by substantial evidence.  Thus, remand is required to allow for further discussion as to the ALJ's evaluation of the evidence in this regard and his ultimate formulation of Plaintiff's RFC.

Additionally, ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record.  Further, the ALJ should verify that his conclusions concerning Plaintiff's RFC—as well as his findings regarding the credibility of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

9

## V. **Conclusion**

In short, because the ALJ failed to provide an adequate discussion regarding his evaluation of the need for accommodations for Plaintiff's social functioning limitations, the Court finds that substantial evidence does not support the ALJ's RFC determination, and his ultimate decision, in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf:		Counsel of record